UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-10068-CIV-KING/GARBER

PETER ANGELOTTI,

       Plaintiff,

v.

RICHARD ROTH, in his capacity
as Sheriff of Monroe County,
Florida, and JOSEPH LINARES,
individually,

       Defendants.
_____/

### OMNIBUS ORDER

This cause is before the Court on Plaintiff's Motion in Limine [D.E. 7] and Plaintiff's Motion for Sanctions or for Special Jury Instruction [D.E. 8], upon reference from the Honorable James Lawrence King, United States District Judge.

    **A.**    **Motion in Limine**

In this action, Plaintiff alleges that Defendants violated his constitutional rights on February 3, 2004, when he was allegedly subjected to the use of excessive force while incarcerated in the Monroe County Jail. During discovery, Defendants inquired into Plaintiff's prior acts that resulted in complaints to law enforcement, as well as Plaintiff's prior arrests and convictions of misdemeanor charges. In the Motion in Limine, Plaintiff seeks to exclude this evidence pursuant to Rule 404(b) of the Federal Rules of Evidence. In response, Defendants argue that the evidence is admissible as it goes to the question of Plaintiff's bias toward Defendants.

To the extent that issues in this case turn upon the credibility of Plaintiff, the question of Plaintiff's bias toward Defendants and law enforcement in general may be relevant. Accordingly,

Plaintiff's Motion in Limine is denied without prejudice to allow for the evidence to develop during trial. The Court can rule upon any appropriate objection at that time.

**B.      Motion for Sanctions or for Special Jury Instruction**

Plaintiff also moves for sanctions or for a special jury instruction relating to the absence of certain videotape footage. During discovery in this case, Defendants produced video surveillance footage of Plaintiff's arrival at the Monroe County Jail and movement via elevator into the jail. Plaintiff believes that there should have been additional video of Plaintiff, including video images of the use of force upon Plaintiff. However, no such evidence was produced by Defendants. Accordingly, Plaintiff seeks an Order: (1) striking all defenses of Defendants; (2) sanctioning any rebuttal to Plaintiff's testimony as to what occurred when he was pepper sprayed; (3) charging the jury that destruction or inability to provide the videotape of the pepper spraying incident must be viewed adversely to Defendants; or (4) for what other relief is just and equitable.

In response, Defendants argue that there is no factual evidence to support sanctions or a special jury instruction. Defendants rely upon the affidavit of Jim McInnis, who states that the jail security system consists of nine Intellex units, each of which operates sixteen cameras. According to McInnis, images from cameras can be lost due to the failure of a particular Intellex unit, while images from another Intellex unit may still exist. McInnis states that there have been several unexplained problems with the system and points out, by way of example, that all nine Intellex units stopped recording from March 23 - 26, 2006. According to McInnis, the most likely scenario to explain the missing images is that the hard drive for Intellex Unit 7 was full and no longer recorded images.

Defendants also filed transcript excerpts from the deposition of Paul Cooper, who was the camera technician working at the Monroe County Jail, and an incident report signed by Mr. Cooper. The incident report reads as follows: "I Paul Cooper camera tech. was retrieving data off of Intellex #7 when I found the date and time were missing. Start time 2:07a.m. to 8:08a.m. I don't know what the problem is. This data can not be retrieved." Defendants argue that the camera stopped working before Plaintiff arrived at the Monroe County Jail. Defendants also argue that Plaintiff has failed to show that Defendant Linares had anything to do with the alleged tampering of the video security system.

"In this circuit, an adverse inference is drawn from a party's failure to preserve evidence only when the absence of that evidence is predicated on bad faith. Mere negligence in losing or destroying the record is not enough for an adverse inference as it does not sustain an inference of consciousness of a weak case." *Bashir v. Amtrak*, 119 F.3d 929 (11thCir. 1997). Plaintiff has failed to demonstrate that the absence of the video images is predicated on bad faith.

Based upon the foregoing, it is

ORDERED that Plaintiff's Motion in Limine [D.E. 7] and Motion for Sanctions or for Special Jury Instructions [D.E. 8] are DENIED WITHOUT PREJUDICE.

DONE AND ORDERED in Chambers at Miami, Florida this 17th day of November, 2006.

*[signature: Barry L. Garber]*

BARRY L. GARBER
UNITED STATES MAGISTRATE JUDGE

Copies supplied to:
United States District Judge King
Counsel of record